WALTER PARRISH, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment for perjury should charge that the oath taken by the. defendant was wilfully false, and to matter material to the issue. As to the degree of materiality, it is enough if it is circumstantially material, though not by itself sufficient to establish the issue.

2. The form of the sentence of a prisoner convicted of a crime, the punishment for which is imprisonment in the State Prison for any term, should be "that he be imprisoned by confinement at hard labor," unless the court shall otherwise order as provided by low. McClellan's Digest, 451.

Writ of Error to the Circuit Court for Madison county. The facts of the case are stated in the opinion.

*F. W. Pope* and *H. J. McCall* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

This was an indictment for perjury, tried at the Madison County Circuit Court in October Term, 1881. The indictment was in the exact language of the indictment passed upon in this court in the case of Pleasant Robinson, Plaintiff in Error, vs. The State of Florida, at this term of this court. The case is here on writ of error, brought from the denial of a motion to arrest the judgment. The errors assigned are identical with those in the case of Robinson, and the facts were the same. For the reasons assigned in that case the judgment in this case is affirmed.